21 F.3d 1113
 91 Ed. Law Rep. 31
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Richard GARNETT, By and Through his next friend, Peggy
SMITH; Scott Germino; Robert Ryan, by and through his next
friend, Jack Ryan; Richard Tracy, by and through his next
friend, Michael Tracy; Stephen M. Hanning, a minor, by Mr.
and Mrs. Bruce Sharp, his Guardians Ad Litem; Tanya M.
Hanning, a minor, by Mr. and Mrs. Bruce Sharp, her Guardians
Ad Litem; Robert M. Mayer, a minor, by Mr. and Mrs. Michael
L. Mayer, his Guardians Ad Litem; Jaime R. Mayer, a minor,
by Mr. and Mrs. Michael L. Mayer, her Guardians Ad Litem,
Plaintiffs-Appellants,
v.
RENTON SCHOOL DISTRICT NO. 403; Robert N. Anderson, in his
official capacity; Brian Baker, in his official capacity;
John G. Dubois, in his official capacity; Marcia K.
Holland, in her official capacity; Donald Jacobson, in his
official capacity; Gary F. Kohlwes, in his official
capacity; Margarita Prentice, in her official capacity,
Defendants-Appellees.
 No. 93-36202.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 21, 1994.*
Decided April 13, 1994.
 
 Before: WRIGHT, FARRIS and KLEINFELD, Circuit Judges
 MEMORANDUM**
 Plaintiffs appeal the district court's denial of nominal damages and attorneys fees pursuant to 42 U.S.C. Sec. 1988, reserving the right to appeal the merits of the district court's denial of other relief until after the district court has ruled on the attorneys fees issue. We have jurisdiction under 28 U.S.C. Sec. 1291, but now consider only the denial of attorneys fees.
 In Garnett v. Renton Sch. Dist., 987 F.2d 641, 646 (9th Cir.1993), cert. denied, 114 S.Ct. 72 (1993), we held that "[e]ach side shall bear its own costs." Our ruling was intended to apply only to costs on appeal.
 Both parties agree that plaintiffs are "prevailing parties" within the meaning of 42 U.S.C. Sec. 1988. No special circumstances have been brought to our attention. Plaintiffs therefore appear entitled to reasonable attorneys fees. Ackerley Comm. v. City of Salem, 752 F.2d 1394, 1396 (9th Cir.), cert. denied, 472 U.S. 1028 (1985). Both parties also agree that plaintiffs are entitled to nominal damages in the amount of $1.
 We therefore REMAND to the district court for the purpose of determining and awarding reasonable attorneys fees.
 Each side shall bear its own costs for this appeal. REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3